SISCO HILTE; and Zurich American Insurance Company, Plaintiffs,

v.

INDUSTRIAL COMMISSION OF UTAH; and Lester Wayne Smith, Defendants.

No. 870592–CA.

Court of Appeals of Utah.

Dec. 28, 1988.

Henry K. Chai II (argued), Larry R. Laycock, Salt Lake City, for plaintiffs.

Sherlynn W. Fenstermaker (argued), Provo, for defendants.

Barbara Elicerio, Legal Counsel, Salt Lake City, for Industrial Commission of Utah.

Before GARFF, BENCH and JACKSON, JJ.

OPINION

JACKSON, Judge:

Sisco Hilte and its insurer (referred to collectively as "Sisco") petition for review of the Industrial Commission's order awarding workers' compensation benefits

to Lester Wayne Smith ("Smith") pursuant to Utah Code Ann. § 35-1-45 (1987). Sisco challenges the Commission's determination that Smith's back injury during a work incident resulted from "unusual and extraordinary exertion," thus meeting the applicable test of legal causation set forth in *Allen v. Industrial Commission*, 729 P.2d 15 (Utah 1986), as one of the elements of compensability. We affirm.

Sisco is in the business of cleaning steel molds and plating them with reinforcing steel. Smith's job at Sisco was to operate a grinder and do some general maintenance work. On March 25, 1986, his supervisor asked him to manually move a stack of steel plates that were banded together. The stack was unbanded so Smith could move the plates one at a time. Individual handling was necessary due to their weight (fifty to eighty pounds) and shape (fourteen inches wide by eight to twelve feet long; one-quarter to three-eighths of an inch thick). Smith moved two or three plates some distance from the stack. On the next plate, which weighed approximately fifty pounds, Smith bent over, grasped the plate with one hand underneath and one on top, and began lifting. When he had the plate approximately eighteen inches from the top of the stack, at about waist level, he felt a sharp snap in his lower back just above the waistline and an immediate radiation of sharp pains into his right leg.

Smith set the plate down and reported his injury to his supervisor, who kept Smith in the office for the two hours remaining on that shift. By the time Smith left for home, the pain had intensified and he had developed a burning sensation in his right leg. He initiated chiropractic treatments the next day, but was eventually referred to a neurosurgeon who performed surgery on Smith's back for a herniated disc. Smith had received medical treatment for severe low back pain six years earlier.

In order to establish a compensable injury under section 35-1-45, a claimant must prove: (1) the injury occurred "by accident"; and (2) a causal connection exists between the injury and claimant's employment activities. *Allen*, 729 P.2d at 18. In *Allen*, the Utah Supreme Court enunciated a two-prong causation test under which a claimant must demonstrate both legal causation and medical causation.[1] *Id.* at 25. To establish legal causation, a claimant with a preexisting condition must show that the employment contributed something substantial to increase the risk he already faced in everyday life because of his condition. *Id.* That contribution "must take the form of an exertion greater than that of nonemployment life," *id.* at 26 (quoting A. Larson, *Workmen's Compensation* § 38.83(b), at 7-278 (1986)), otherwise described by the Court as "unusual or extraordinary exertion." *Id.* In making this appraisal, an objective standard is to be applied that is based on the nonemployment life of the average person, not the employment life of a particular worker. *Price River Coal Co. v. Industrial Comm'n*, 731 P.2d 1079, 1082 (Utah 1986).

In its petition, Sisco contends the Commission erred in concluding on the facts of this case that Smith's on-the-job exertion was unusual or extraordinary under the *Allen* standard. Before we address that issue, however, we must identify the appropriate standard of review of this determination by the Commission, a point on which the parties do not agree.

In its brief, Sisco claims the Commission decided a question of law because "the case hinges on the legal determination of what exertion is necessary to satisfy the legal causation test of *Allen*." Thus, Sisco argues, this court can review that "legal decision" with no deference to the Commission. Smith, on the other hand, characterizes the Commission's determination solely as a finding of fact. Accordingly, he insists we must defer to the Commission and, after evaluating the evidence in the light most favorable to the finding, affirm it if there is any supportive evidence of substance in the record.

1. The medical panel that evaluated Smith's case concluded there was a medically demonstrable causal connection between the March 25, 1986, lifting incident and the aggravation of Smith's preexisting back condition. This finding was adopted by the administrative law judge and is not challenged by Sisco.

The initial answer to both these erroneous contentions is found in *Price River Coal Co.*, 731 P.2d at 1082:

The question of whether the employment activities of a given employee are sufficient to satisfy the legal standard of unusual or extraordinary effort involves two steps. First, the agency must determine as a matter of fact exactly what were the employment-related activities of the injured employee. Second, the agency must decide whether those activities amounted to unusual or extraordinary exertion. This second determination is a mixed question of law and fact.

Sisco does not challenge the administrative law judge's findings of fact, adopted by the Commission and set forth above, regarding Smith's employment-related activities on the day of his injury. Instead, Sisco contests the Commission's application of the legal causation test in *Allen* to the facts as found which, according to *Price River Coal Co.*, involves a mixed question of law and fact.

 Administrative determinations other than findings of fact and rulings on general law questions are subject to judicial review under an "intermediate" standard, under which the reviewing court's role is to see that they fall "within the limits of reasonableness or rationality." *Utah Dept. of Admin. Servs. v. Public Serv. Comm'n*, 658 P.2d 601, 610 (Utah 1983).

A variety of different issues are governed by this intermediate standard. Most notably, they include what has been described as "mixed questions of law and fact" or the "application" of the findings of basic facts (*e.g.*, what happened) to the legal rules governing the case....

....

The degree of deference extended to the decisions of the Commission on these intermediate types of issues has been given various expressions, but all are variations of the idea that the Commission's decisions must fall within the limits of reasonableness or rationality. As used in this context, the words "arbitrary and capricious" mean no more than this.

*Id. See Hurley v. Industrial Comm'n*, 767 P.2d 524 (Utah 1988).

Thus, the issue before us, when properly framed to reflect the applicable standard of review, is whether the Industrial Commission's conclusion that Smith's employment activity amounted to "unusual and extraordinary exertion" as defined in *Allen* is reasonable or rational. If so, the determination is not arbitrary and capricious, and we must affirm.

Because of Smith's preexisting back condition, in order to establish legal causation he had to show that his moving and lifting of the steel plates exceeded the exertion an average person typically undertakes in nonemployment life. *See Allen*, 729 P.2d at 28. In its brief, Sisco views the evidence as showing "Smith simply lifted a steel plate from knee level to his waist and set it back down." Because the steel plate being moved at the time pain was felt weighed fifty pounds, Sisco continues, that activity cannot, as a matter of law, constitute "unusual or extraordinary exertion" because the "typical activities and exertions expected of men and women in the latter part of the 20th century" enumerated in *Allen*, 729 P.2d at 26—taking full garbage cans to the street, lifting and carrying travel baggage, changing auto tires, and lifting a small child to chest height—involve items that could weigh fifty pounds.

Like the Commission, we reject the notion that the usualness or unusualness of Smith's exertion must be judged by a bright-line weight test. *See American Roofing Co. v. Industrial Comm'n*, 752 P.2d 912, 915 (Utah Ct.App.1988) (thirty-pound bucket of debris). As the Utah Supreme Court has noted, the concept of unusual or extraordinary exertion remains to be fleshed out over time. *Price River Coal Co.*, 731 P.2d at 1084. *See Allen*, 729 P.2d at 27 (case by case, the law will eventually define a standard for typical "nonemployment activity").

Contrary to Sisco's Pollyannaish version of the events of March 25, 1986, this case does not involve a simple lifting of one fifty-pound object a few inches. The Commission adopted specific, detailed findings

of fact regarding the particular circumstances of Smith's moving and lifting of the steel plates. The steel plates were eight to twelve feet in length, fourteen inches wide, and only one-quarter to three-eighths of an inch thick, which made them awkward to lift and move. Smith, working alone, had lifted and moved several of the plates, each weighing fifty to eighty pounds, immediately prior to his injury. He then bent over the last plate, which weighed at least fifty pounds, and placed one hand under it and one hand on top and began to raise it. When that plate was at waist level, he felt a sharp snap in his lower back and sharp pain.

In applying the *Allen* test of legal causation, the Commission appropriately considered the weight and dimensions of the plates and the manner in which they had to be moved and lifted, facts Sisco conveniently chooses to ignore. The Commission concluded the necessity of lifting these comparatively heavy and awkward steel plates required on-the-job exertion by Smith beyond what is typically demanded by contemporary nonemployment life. Sisco has not shown that the Commission's application of the *Allen* standard to the facts is arbitrary or capricious, i.e., beyond the limits of reason and rationality. Accordingly, the Commission's order is affirmed.

GARFF and BENCH, JJ., concur.