**SMITH & EDWARDS COMPANY,**
**and/or Workers' Compensation**
**Fund of Utah, Petitioners,**

v.

**INDUSTRIAL COMMISSION OF**
**UTAH, Second Injury Fund,**
**and Douglas Youngfield, Respondents.**

No. 880114–CA.

Court of Appeals of Utah.

March 8, 1989.

James R. Black and Wendy B. Moseley, Salt Lake City, for petitioners.

R. Paul Van Dam, Mark E. Wainwright, and Erie V. Boorman, Salt Lake City, for respondents.

Before DAVIDSON, GARFF and GREENWOOD, JJ.

DAVIDSON, Judge:

Douglas Youngfield filed a claim for workers' compensation benefits with the Industrial Commission. The administrative law judge (A.L.J.) concluded that Youngfield's injury was causally related to his employment at Smith & Edwards Co. and issued an interim order which awarded temporary total disability benefits to Young-

field. The Commission denied Smith & Edward's motion for review. We reverse.

On February 5, 1987, Youngfield was working as a stock clerk for Smith & Edwards. Sometime that day, he was assigned to move boxes containing shotgun shells. Youngfield had to lift each box from a cart, which was ten to fifteen inches off the floor, turn ninety degrees, and place the box on a pallet. An individual box weighed forty-seven and one-half pounds. Youngfield had moved only a few boxes when, as he lifted a box, turned and started to bend down, he suddenly felt a sharp pain in his back and right leg. Immediately, he dropped the box and fell to the floor. After a few moments, Youngfield was able to stand again. He then went to his supervisor and reported the injury. Youngfield continued working even though the pain persisted. Eventually, he sought medical treatment and was diagnosed as having a herniated disk.

An evidentiary hearing was held at which testimony and other evidence was admitted. Following the hearing, the A.L.J. issued findings of fact and conclusions of law finding that Youngfield had preexisting problems in his back because of prior injuries and so was required to show that his employment activity was an unusual exertion. The A.L.J. also found that there was no evidence that the "duration of the lifting motion was substantial or significant," that Youngfield was in an unusual position while he lifted, or that Youngfield's method of lifting the boxes was improper. However, the A.L.J. determined that lifting forty-seven and one-half pounds was an unusual exertion and, therefore, awarded Youngfield disability benefits.

Both parties agree that Youngfield brought to Smith & Edwards a preexisting back condition, and so was subject to the unusual or extraordinary exertion standard applied by the A.L.J. Neither party claims that there was anything unusual about the number of boxes, the distance, or manner in which the boxes were moved, or the space in which the task was done. The dispositive issue before us then is whether lifting forty-seven and one-half pounds is, by itself, an unusual exertion for purposes of the legal causation analysis under *Allen v. Industrial Comm'n*, 729 P.2d 15, 25–27 (Utah 1986).

Youngfield argues that the A.L.J.'s conclusion that the lifting was an unusual exertion involved a question of fact which we can only disturb if the finding was arbitrary or capricious. We disagree.

A two-step process is used to analyze an employment activity and determine if it is an unusual exertion. "First, the agency must determine as a matter of fact exactly what were the employment-related activities of the injured employee. Second, the agency must decide whether those activities amounted to unusual or extraordinary exertion. This second determination is a mixed question of law and fact." *Price River Coal Co. v. Industrial Comm'n*, 731 P.2d 1079, 1082 (Utah 1986). *See also Sisco Hilte v. Industrial Comm'n*, 766 P.2d 1089 (Utah Ct.App.1988).

In the instant case, Youngfield has not disputed the factual findings concerning "exactly what were [his] employment-related activities." Therefore, the strictly limited standard of review does not apply.[1]

On the other hand, Smith & Edwards argues that the A.L.J. incorrectly concluded that Youngfield's activity was an unusual or extraordinary exertion. This conclusion is reviewed under an intermediate standard and we will rely "heavily upon the Commission's expertise in and familiarity with the work environment." *Price*, 731 P.2d at 1084. However, even with such deference, the decision must be reasonable and rational. *Utah Dep't of Admin. Servs. v. Public Serv. Comm'n*, 658 P.2d 601, 609–612 (Utah 1983). This means, on appeal, we are only concerned with the outer limits of reasonableness and rationality and we will affirm if the Commission's decision

---

1. This limited standard of review is described in several ways: arbitrary and capricious, wholly without cause, contrary to the one inevitable conclusion, or without any substantial evidence to support them. *Workers' Compensation Fund v. Industrial Comm'n*, 761 P.2d 572, 574 (Utah App.1988); *Large v. Industrial Comm'n*, 758 P.2d 954, 956 (Utah App.1988).

has not crossed those limits. *See Technomedical Labs, Inc. v. Utah Sec. Div.*, 744 P.2d 320, 323 (Utah App.1987).[2]

In *Allen*, the Utah Supreme Court examined the policy behind the operative language of Utah Code Ann. § 35-1-45 (1988) which provides for compensation if an accident "[arises] out of or in the course of [a worker's] employment." *Allen* found that the purpose behind the provision was to "distinquish those injuries which ... coincidentally occur at work ... [from] those injuries which occur because some condition or exertion required by the employment increases the risk of injury which the worker normally faces in his everyday life." *Allen*, 729 P.2d at 25.

To further this policy, *Allen* determined that a worker with a preexisting weakness or injury is required to show that the employment activity, resulting in the claim, involved unusual or extraordinary exertion. *Id.* This is an objective test which compares the worker's activities with the exertions of "normal nonemployment life of this or any other person." *Id.* at 26. Although the full meaning of this "normal nonemployment life" standard is to be developed over time, *Allen*, 729 P.2d at 27, the court described the standard as the "[t]ypical activities and exertions expected of men and women in the latter part of the 20th century...." *Id.* at 26. *See also Price*, 731 P.2d at 1083. As examples of normal nonemployment activity, the court included: taking out full garbage cans, lifting and carrying baggage, changing a flat tire on an automobile, lifting a small child to chest height, and climbing stairs. *Allen*, 729 P.2d at 26.

The examples of nonemployment activities may or may not include lifting forty-seven and one-half pounds. We think it important that the examples consist of a set of circumstances, including as only one factor the weight of the object. Indeed, the court said, the determination whether an activity is usual or unusual can only be made "on the facts of each case." *Allen*,

729 P.2d at 25. This court has reviewed activities similiar to the instant case, and has consistently required factors, in addition to weight, to be considered. *American Roofing Co. v. Industrial Comm'n*, 752 P.2d 912, 915 (Utah App.1988) (a thirty-pound lift was unusual when coupled with the fact that the object snagged as it was lifted by the worker); *Sisco Hilte*, 766 P.2d at 1091 (a fifty-pound lift, by itself, was not a *usual* exertion). In *Sisco Hilte*, this court said, "we reject the notion that the usualness or unusualness of [the activity] must be judged by a bright-line weight test." *Id.* Instead, at that weight, evidence of the facts and circumstances of the employment activity was required. *Id.*

The holding in *Sisco Hilte* dealt only with whether a fifty-pound lift was, by itself, *usual*. However, we find the rationale consistent with the policy outlined in *Allen* and conclude that reliance on the amount of weight alone does not allow the Commission to determine whether the activity was unusual or usual and whether the injury arose out of the worker's employment or not.

Since the evidence of weight alone did not allow the Commission to determine whether Youngfield's injury arose out of his employment at Smith & Edwards rather than his preexisting condition, we hold the Commission's decision to award Youngfield benefits was not reasonable and rational. Since the A.L.J. found the evidence of any other factors insufficient to establish that the activity was unusual or extraordinary, we conclude that Youngfield did not prove his activity was the legal cause of his injury. Accordingly, we reverse the Commission.

GARFF and GREENWOOD, JJ., concur.

---

**2.** "[R]easonableness must be determined with reference to the specific terms of the underlying legislation, interpreted in light of its evident purpose as revealed in the legislative history and in light of the public policy sought to be served." *Utah Dep't of Admin. Servs.*, 658 P.2d at 611. This standard appears to give us some flexibility in reviewing the otherwise objective standard that must be applied by the Commission.